

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EVANGALINE WARD, Administratrix of the          PLAINTIFF
Estate of JOSEPH WARD, deaceased

VS.                      CIVIL ACTION NO. 3:15cv17CWR-LRA

MISSISSIPPI DEPARTMENT OF CORRECTIONS,        DEFENDANTS
WEXFORD HEALTH SOURCES, INC., GLORIA M. PERRY,
Individually and in her Official Capacity as the Chief Medical
Officer of the Mississippi Department of Corrections,
CHRISTOPHER EPPS, Individually and in his Official Capacity
as Commissioner of the Mississippi Department of Corrections,
MARSHALL L. FISHER, in his Official Capacity as Commissioner
of the Mississippi Department of Corrections, MARGARET BINGHAM,
Individually and in her Official Capacity as an Employee of the Mississippi
Department of Corrections and UNKNOWN DEFENDANTS "X", "Y"
and "Z", in their Individual and Official Capacities as Employees of
the Mississippi Department of Corrections and Wexford Healthsources, Inc.

## COMPLAINT
## JURY TRIAL REQUESTED

COMES NOW, plaintiff, EVANGALINE WARD, Administratrix of the Estate of JOSEPH WARD, deceased, and files this *Complaint*. In support of this *Complaint*, plaintiff would show unto this Honorable Court the following facts, to wit:

### I.   JURISDICTION

1. This wrongful death and survival action is brought pursuant to 42 U.S.C. § 1983 and 1988, the Eighth and Fourteenth Amendments of the United States Constitution seeking monetary damages for violations and deprivation of Joseph Ward's federal constitutional rights, which ultimately led to his untimely death. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.

## II. PARTIES

2. At all times relevant to this Complaint, Joseph Ward was a citizen of the United States of America and a resident of the State of Mississippi residing in Rankin County, Mississippi. He died on January 9, 2012 as a result of defendants' failure to provide proper medical care for his serious medical conditions. This willful indifference to Ward's known serious medical needs constitutes a violation of the Eighth and Fourteenth Amendments.

3. Plaintiff, Evangeline Ward, is an adult resident citizen of Illinois and is the duly court appointed Adminstratrix of the Estate of Joseph Ward, deceased. Plaintiff was granted letters of administration on or about January 18, 2013, by the Chancery Court of Leflore County, Mississippi. Plaintiff brings a survival claim pursuant to Miss. Code Ann. § 91-7-233 (Rev. 2004) as administratrix of the estate and also brings a wrongful death claim on behalf of the heirs at law and wrongful death beneficiaries pursuant to Miss. Code Ann. § 91-1-29 (1972) and 11-7-13 (Rev. 2005).

4. The MISSISSIPPI DEPARTMENT OF CORRECTIONS, hereinafter "*MDOC*", is a Mississippi state entity that may be served with process by serving its Commissioner, MARSHALL FISHER, at 723 North President Street, Jackson, Mississippi.

5. Defendant, WEXFORD HEALTH SOURCES, INC., is a Florida corporation that may be served with process through its registered agent, Corporation Service Company, at 506 South President Street, Jackson, Mississippi 39201.

6. Defendant, GLORIA M. PERRY, M.D., is an adult resident citizen of Mississippi and may be served with process at 107 Bridlewood Drive, Brandon, Mississippi. At all relevant times, she acted under color of state law and is sued in her individual capacity and in her official

capacity as Chief Medical Director of MDOC. Defendant, GLORIA M. PERRY, M.D., in willful indifference to prisoners' serious medical needs, failed to ensure that policies and procedures were in effect and enforced which would guarantee that prisoners received all necessary prescribed medicines and medical treatment, thereby leading to the untimely death of Joseph Ward. She also, negligently and in gross indifference to the serious medical needs of prisoners, failed to ensure contract compliance with WEXFORD HEALTH SOURCES, INC. to provide an acceptable standard of healthcare for persons under the control of MDOC.

7. Defendant, CHRISTOPHER EPPS, is an adult resident citizen of Mississippi and may be served with process at 723 North President Street, Jackson, Mississippi. At all relevant times, he acted under color of state law and is sued in his individual capacity and in his official capacity as Commissioner of MDOC. Defendant, CHRISTOPHER EPPS, in willful indifference to prisoners' serious medical needs, failed to ensure that policies and procedures were in effect and enforced which would guarantee that prisoners received all necessary prescribed medicines and medical treatment, thereby leading to the untimely death of Joseph Ward.

8. Defendant, MARSHALL FISHER, is an adult resident citizen of Mississippi and may be served with process at 723 North President Street, Jackson, Mississippi. At all relevant times, he acted under color of state law and is sued in his individual capacity and in his official capacity as Commissioner of MDOC. Defendant, MARSHALL FISHER, in willful indifference to prisoners' serious medical needs, failed to ensure that policies and procedures were in effect and enforced which would guarantee that prisoners received all necessary prescribed medicines and medical treatment, thereby leading to the untimely death of Joseph Ward.

9. Defendant, MARGARET BINGHAM, is an adult resident citizen of Mississippi and may be served with process at 723 North President Street, Jackson, Mississippi. At all relevant times, she acted under color of state law and is sued in her individual capacity and in her official capacity as Supertendent of the Central Mississippi Correctional Facility, which is operated by MDOC. Defendant, MARGARET BINGHAM, in willful indifference to prisoners' serious medical needs, failed to ensure that policies and procedures were in effect and enforced which would guarantee that prisoners received all necessary prescribed medicines and medical treatment, thereby leading to the untimely death of Joseph Ward.

10. Defendants, "X", "Y" an "Z", whose identities are unknown are MDOC/WEXFORD HEALTH SOURCES, INC. employees assigned to provide medical care, attention and treatment to Joseph Ward. At all relevant times, they were employed by MDOC/WEXFORD HEALTH SOURCES, INC. and acted under color of state law. As such time as their identities become known, plaintiff requests the Complaint be amended to state their names.

These defendants failed to obtain appropriate medical information for Joseph Ward and also failed to timely administer his prescribed medications and medical procedures, including but not limited dialysis. Because of the willful indifference of these defendants toward Joseph Ward's serious medical needs, he died on January 9, 2012. The defendants failed to comply with MDOC's goal *"for all inmates to receive timely, quality, consistent health care."*

### III. FACTS

11. On or about January 9, 2012, Joseph Ward, hereinafter "*Ward*", died because of the gross negligence of the defendant and their willful indifference to his serious medical needs.

12. On or about October 10, 2011, Ward was found guilty of two counts of armed robbery in the Circuit Court of Bolivar County, Mississippi and was sentenced to serve a term of ten years in an institution under the supervision and control of the Mississippi Department of Corrections.

13. Ultimately, Ward was transported to the Central Mississippi Correctional Facility, hereinafter "*CMCF*", where is was scheduled to serve his sentence. Ward had a known history of epileptic seizure disorder and end stage renal disease, which required anticonvulsants to control his seizure activity and dialysis. Defendants "X", "Y" and "Z" are sued because they intentionally failed and refused to give Ward the medication and medical care and those acts were a proximate cause of his death.

14. While incarcerated, Ward was not timely given his prescribed medicines and dialysis. Accordingly, on January 8, 2012, at approximately 11:30 am, Ward was found in his cell barely breathing and nonresponsive. He was taken to the onsite medical facility, given dialysis and returned to his cell.

15. At approximately, 11:25 pm, Ward returned to the onsite medical facility with a blood glucose of 48 and nonresponsive. Shortly after arriving at the clinic, Ward suffered multiple seizures.

16. On January 9, 2012, Ward was pronounced dead at approximately 3:20 am.

17. Due to defendants' gross negligence and willful indifference to the serious medical needs of Ward, he was not given proper medical care. He did not receive his proper medications and dialysis. Failure to provide proper medical care for serious medical conditions represents a willful indifference to Ward's known serious medical needs, thereby constituting a violation of the Eighth and Fourteenth Amendments.

18. As a direct and proximate result of the above failures, Ward suffered a fatal seizure and died.

## IV. CAUSE OF ACTION:

19. **DEPRIVATION OF FEDERAL RIGHT TO MEDICAL CARE.** Defendants' actions, conduct and omissions violated Ward's constitutional rights in contravention of the Eighth and Fourteenth Amendment of the United States Constitution. Defendants failed to supervise the operation of the prison and to examine and take measures necessary to secure the safety and sufficiency of the prison by providing reasonable medical attention, care and examination of Ward. Defendants' acts and omissions were in violation of federal law, rules and regulations providing for the safety and health of Ward.

20. **DEPRIVATION OF PROCEDURAL DUE PROCESS.** Defendants' acts and omissions deprived Ward of liberty without procedural due process in contravention of the Fourteenth Amendment of the United States Constitution as a result of defendants' failure to comply with Mississippi law, thereby depriving Ward of necessary medical attention, care and examination while incarcerated.

21. **42 U.S.C. § 1983 AND FAILURE TO TRAIN.** Defendants knew Ward, because of his established medical history, was an inmate in need of medical attention and care.

22. Defendants were at all times material to this Complaint responsible for the policies, practices and customs of CMCF.

23. Defendants had affirmative obligations to properly train and supervise its employees to respond appropriately to Ward's need for medical care, treatment, examination and attention.

24. Defendants knew that the training and supervision of its employees at CMCF was

insufficient and/or inappropriate to enable them to recognize and respond to inmates with serious medical conditions requiring medical attention.

25. At all time material to this Complaint, defendants had in force and effect both written and *de facto* policies, regulations, practices and/or customs of improperly training and supervising its employees who had constant control over Ward and other prisoners in the custody of the prison.

26. The interrelated polices, practices and customs are evidence by the fact that training curriculum and instructions are inadequate to train employees how to respond appropriately to persons in need of medical treatment.

27. Defendants' policies, practices and customs were deliberate and conscious choices by defendants, which establish deliberate indifference to the constitutional rights of Ward.

28. The lack of sufficient or appropriate training resulted in Ward's death.

WHEREORE, plaintiff respectfully prays, requests, and demands this Honorable Court orders as follows:

(a) that process is issued in terms provided by law and that the defendants be served in accordance to law;

(b) that a jury trial be held;

(c) that a judgment is entered that the custody and detention of Ward in CMCF under the hereinabove described circumstances violates the Eighth and Fourteenth Amendments to the United States Constitution;

(d) that a judgment is entered against defendants for all special, general and compensatory damages recoverable by law in the amount of TWO MILLION DOLLARS ($2,000,000.00) or such other amount as a jury may determine to be just and proper;

(e) that the costs of litigation, including but not limited to reasonable attorney's fees as

provided by 42 U.S.C. § 1988, be assessed against all defendants; and

  (f)  that plaintiff receives all other relief which this Court may determine to be just and proper.

  SO COMPLAINED, this the 9th day of January, 2015.

Respectfully submitted,<br>
EVANGALINE WARD, et al, PLAINTIFF<br><br>
By: /s/ Tamekia Goliday<br>
TAMEKIA R. GOIDAY,<br>
Attorney for Plaintiff

OF COUNSEL:
Honorable Tamekia R. Goliday, MSB #99431
GOLIDAY LAW FIRM
Post Office Box 13632
Jackson, Mississippi 39236-3632
Tel: (601) 368-1800
Fax: (769) 233-8095

Honorable Winston J. Thompson, III
COCHRAN LAW FIRM
162 East Amite Street, Suite 100
Jackson, Mississippi 39201-2118
Tel: (601) 506-6662