# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**EVANGALINE WARD, Administratrix of the
Estate of JOSEPH WARD, deceased**                                    **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:15-cv-17-CWR-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,
WEXFORD HEALTH SOURCES, INC., GLORIA M.
PERRY, Individually and in her Official Capactiy as
the Chief Medical Officer of the Mississippi Department
of Corrections, CHRISTOPHER EPPS, Individually and
in his Official Capacity as Commissioner of the Mississippi
Department of Corrections, MARSHALL L. FISHER, in
his Official Capacity as Commissioner of the Mississippi
Department of Corrections, MARGARET BINGHAM,
Individually and in her Official Capacity as an Employee
of the Mississippi Department of Corrections and
UNKNOWN DEFENDANTS "X", "Y" AND "Z", in their
Individual and Official Capacities as Employees of the
Mississippi Department of Corrections and
Wexford Healthsources, Inc.**                                    **DEFENDANTS**

## ANSWER AND DEFENSES
## OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
## AND COMMISSIONER MARSHALL L. FISHER
## TO PLAINTIFF'S COMPLAINT

Defendants Mississippi Department of Corrections and Marshall L. Fisher, in his

official capacity as Commissioner of the Mississippi Department of Corrections (collectively

"MDOC"), and Marshall L. Fisher, in his individual capacity, by and through counsel of

record, submit their Answer and Defenses to the Plaintiff's Complaint [1], and would show

unto the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against these defendants upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The defendants now respond, paragraph by paragraph, to the allegations of the Plaintiff's Complaint as follows:

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

1. It is admitted that jurisdiction is proper herein. Any allegations set forth in Paragraph 1 of the Complaint which are not specifically admitted herein are denied.

2. It is admitted that, at the time of Joseph Ward's death, he was housed at Central Mississippi Correctional Facility in Rankin County, Mississippi. Any allegations set forth in Paragraph 2 of the Complaint which are not specifically admitted herein are denied.

3. Admitted upon information and belief.

4. Admitted..

5. Admitted upon information and belief.

6. It is admitted that at relevant times, Gloria M. Perry, M.D., served as Chief Medical Officer for the Mississippi Department of Corrections. Any allegations set forth in Paragraph 6 of the Complaint which are not specifically admitted herein are denied.

7. Denied.

8. It is admitted that Marshall Fisher is an adult resident citizen of Mississippi and was served with process at 723 North President Street, Jackson, Mississippi. Any allegations set forth in Paragraph 8 of the Complaint which are not specifically admitted herein are denied.

9.      Denied.

10.      Paragraph 10 of the Complaint addresses John Doe defendants and does not require a response from these Defendants. To the extent that a response to Paragraph 10 of the Complaint is deemed to be required of these Defendants, any and all allegations set forth in Paragraph 10 are denied.

11.      Denied.

12.      Admitted upon information and belief.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Admitted upon information and belief.

17.      Denied.

18.      Denied.

19.      Denied.

20.      Denied.

21.      Denied.

22.      Denied.

23.      Denied.

24.      Denied.

25.      Denied.

26.      Denied.

27.      Denied.

28.      Denied.

29.     The allegations of the unnumbered paragraph of the Complaint beginning with the words, " WHEREFORE, plaintiff respectfully prays", including sub-parts a-f, are denied, and it is denied that Plaintiff is entitled to any relief whatsoever.  It is also expressly denied that the Plaintiff is entitled to judgment against these Defendants in any form including, but not limited to, actual, compensatory, punitive or exemplary damages in any amount.  Further, it is denied that the Plaintiff is entitled to attorneys' fees or any costs related to the present action, including litigation expenses and expert fees.

## SECOND DEFENSE

The Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## THIRD DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## FOURTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## FIFTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## SIXTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their state law qualified immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## SEVENTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## EIGHTH DEFENSE

Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and denies that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## NINTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiffs against them as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## TENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## ELEVENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH DEFENSE

The imposition of punitive damages in this case based upon a theory of *respondeat superior* without proof that an officer, director or managing agent of the Mississippi Department of Corrections acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## FOURTEENTH DEFENSE

The imposition of punitive damages based upon vicarious liability is statutorily prohibited in Mississippi.

## FIFTEENTH DEFENSE

Defendants also assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**NOW**, having fully answered the allegations of the Plaintiffs' Complaint, and having set forth their defenses thereto, the Defendants deny that the Plaintiff is entitled to the relief demanded against them in any form or amount, whatsoever, and hereby move the Court for Entry of an order and final judgment dismissing this cause of action with prejudice, with all costs assessed to the

Plaintiff. Finally, the Defendants move for general and such other relief as the Court deems appropriate herein.

      Respectfully submitted this the 7th day of May, 2015.

**MISSISSIPPI DEPARTMENT OF CORRECTIONS and MARSHALL L. FISHER, in his official and individual capacities, DEFENDANTS**

BY: */s/ Benny M. May*
      Benny M. May (MSB #100108)

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Email: bemay@ago.state.ms.us
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the

Clerk of the Court using the ECF system, which will serve a copy on the following counsel of record:

Tamekia R. Goliday, Esq.
*Goliday Law Firm*
Post Office Box 13632
Jackson, MS 39236-3632; and

Winston J. Thompson, III, Esq.
*Cochran Law Firm*
162 East Amite Street, Suite 100
Jackson, MS 39201-2118

This, the 7th day of May, 2015.

*/s/ Benny M. May*
Benny M. May